# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

In Re: C.O.

No. 13-0986 (Ohio County 12-CJA-33)

**FILED**

February 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, N.J., filed this appeal by her counsel, Peter P. Kurelac III. Her appeal arises from the Circuit Court of Ohio County, which terminated her parental rights to C.O., now age nine, by order entered on September 4, 2013. The guardian ad litem for the child, Joseph J. Moses, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Katherine M. Bond, also filed a response in support of the circuit court's order. Petitioner argues that the circuit court erred by denying her motion for a post-adjudicatory improvement period and by terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2012, the DHHR filed an abuse and neglect petition against petitioner and her boyfriend, J.O., who is the child's father. The petition alleged domestic violence and alcohol abuse in the home and that petitioner failed to protect her child from sexual abuse by J.O. At the adjudicatory hearing in February of 2013, several witnesses testified about the child's disclosures concerning J.O.'s sexual abuse against her and about petitioner's continued relationship with J.O. despite these disclosures. The circuit court adjudicated petitioner and her boyfriend as abusive and neglectful parents and adjudicated the child as an abused and neglected child. Several months later, petitioner filed a motion for a post-adjudicatory improvement period. Following the dispositional hearing in August of 2013, the circuit court found that petitioner continued her relationship with the child's father, despite their history of abuse and violence. The circuit court found that, because petitioner failed to identify the areas for which she needed improvement and because there was no reasonable likelihood to believe that the conditions could be corrected, termination of petitioner's parental rights was in the child's best interests. Petitioner's motion for an improvement period was denied. Petitioner now appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a

1

reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court abused its discretion by not granting her an improvement period and by terminating her parental rights. Petitioner asserts that evidence demonstrated her ability to substantially comply with any terms in an improvement period.

Upon our review, we find no error by the circuit court in terminating petitioner's parental rights without an improvement period. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). Pursuant to West Virginia Code § 49-6-12, a parent who moves for an improvement period bears the burden of proving by clear and convincing evidence that he or she would substantially comply with the terms of an improvement period. The circuit court then has the discretion to grant or deny an improvement period. In the case sub judice, several witnesses testified with regard to the boyfriend's sexual abuse against the child. Although petitioner appears to have acknowledged that her boyfriend physically abused her child, and although there is a history of domestic violence in the home, petitioner continued her relationship with him. Indeed, in its dispositional order, the circuit court included that petitioner was in disbelief and denial that J.O. abused her child despite evidence to the contrary. These findings were sufficient to support the circuit court's conclusions that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 18, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II